IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESEQUIEL RODRIGUEZ, | § | |
| TDCJ-CID NO.421876, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2294 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
|    Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Esequiel Rodriguez, a state inmate, seeks habeas corpus relief under 28 U.S.C. § 2254. In 1986, petitioner was convicted of attempted murder in the 248th District Court of Harris County, Texas, in cause number 445027. As a habitual offender, petitioner was sentenced to confinement for life in the Texas Department of Criminal Justice–Correctional Institutions Division. The present conviction does not concern petitioner's conviction; instead petitioner complains that he has been wrongfully denied release to mandatory supervision and parole. (Docket Entry No.1). For the reasons to follow, the Court will deny petitioner federal habeas relief.

CLAIMS

Petitioner indicates that on December 2, 2005, he had served twenty calendar years on his life sentence and was therefore, eligible for release to mandatory supervision. (Docket Entry No.1). The Texas Board of Pardons and Paroles ("Parole Board"), however, denied petitioner release to mandatory supervision. Petitioner sought release to mandatory supervision via a state habeas application but was denied habeas relief on his requests for (1) the State of Texas to revise the mandatory supervision statute; (2) the Texas court to reconsider its holding that "it is mathematically

impossible to determine a mandatory supervision release date on a life sentence; and, (3) a finding that he had been wrongfully denied mandatory supervision release. (Docket Entry No.2). He seeks a finding by this Court that the state habeas courts wrongfully denied his application on these grounds. (*Id.*).

Petitioner also claims that he has been wrongfully denied release to mandatory supervision because of (1) the nature of the offense that he committed; (2) the wrongful interpretation of the mandatory supervision statute; and, (3) the ambiguous language of the mandatory supervision statute. Petitioner contends for these reasons and because TDCJ miscalculated his good time credit causing him to forfeit 120 days of credit, he has a due process claim. (*Id.*). Petitioner further contends that he has an equal protection claim because he has been treated differently from other inmates with lesser sentences by the Texas court's interpretation of the mandatory supervision statute. (*Id.*).

Petitioner seeks immediate release to parole because the Parole Board wrongly considered a "libelous and slander[ous] news paper article" when they denied him release to parole. (*Id.*). Petitioner also maintains that the Parole Board failed to investigate whether the State proved that he was sane at the time of the attempted murder. (*Id.*).

Petitioner also indicates that he has sought reinstatement of good conduct credits that were wrongfully forfeited when TDCJ miscalculated the number of good conduct days that he lost as a result of a 1999 disciplinary conviction. Petitioner claims that his attempts to correct the miscalculation have been futile. (*Id.*). He also complains that he has been denied good conduct time under the Prison Management Act and work performance credits. (*Id.*). Petitioner contends that because he has served over twenty years of flat time and has acquired or should have acquired good

conduct, administrative, and work credits, he is entitled to have his parole eligibility date advanced. (*Id.*).

## DISCUSSION

Petitioner's claims regarding his entitlement to release on mandatory supervision, the interpretation of state's mandatory supervision law, and the denial of release to mandatory supervision, including his due process claim, are foreclosed by the Fifth Circuit's decision in *Arnold v. Cockrell,* in which the Fifth Circuit held that an inmate under a life sentence is not eligible for release under the Texas mandatory supervision statute and, thus, does not have a constitutionally protected interest in such a release and is not entitled to habeas relief. 306 F.3d 277, 279 (5th Cir. 2002) (citing *Ex Parte Franks,* 71 S.W.3d 327 (Tex. Crim. App. 2001)). Because federal habeas corpus relief will not issue to correct possible errors of state statutory law unless a federal issue is also presented; *Estelle v. McGuire,* 502 U.S. 62, 67 (1991); petitioner's claims regarding any entitlement to mandatory supervision are subject to dismissal.

Furthermore, because petitioner is not eligible for release to mandatory supervision under Texas law, he has no cognizable claim in a § 2254 proceeding for loss of good time credits, administrative credits, or work time credits. *See Madison v. Parker,* 104 F.3d 765, 769 (5th Cir. 1997). The loss of such credits could only affect his possible eligibility for parole. The Fifth Circuit, however, has expressly held that there is no constitutional right to release on parole in the State of Texas. *Creel v. Keene,* 928 F.2d 707, 708-09 (5th Cir. 1991); *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995). Under these circumstances, the loss of such credits do not affect a constitutionally protected right, but only the "mere hope" of release on parole. Such hope is not protected by due process. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,*

442 U.S. 1, 11 (1979); *Johnson v. Rodriguez,* 110 F.3d 299, 305 (5th Cir. 1997).

Moreover, the timing of any such release to parole is too speculative to give rise to a constitutionally protected liberty interest. *Malchi v. Thaler,* 211 F.3d 953, 959 (5th Cir. 2000). The Parole Board has wide discretion in determining which eligible inmates they should release to parole. *See, e.g., Ex parte Rutledge,* 741 S.W.2d 460 (Tex. Crim. App. 1987)*, overruled on other grounds by Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994). Because the process under which the Parole Board denied petitioner parole is not subject to a constitutional challenge, petitioner's complaints about the denial of parole, the advancement of his parole eligibility, and his conclusory allegation regarding the Board's consideration of a false newspaper article fail to state a Constitutional violation.

Petitioner's equal protection claim is also without a legal basis. The Equal Protection Clause directs that "all persons similarly circumstanced shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 n.15 (5th Cir. 2001). A violation of the Equal Protection Clause occurs only when governmental action classifies or distinguishes between two or more relevant persons or groups. *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996). Petitioner is ineligible for release to mandatory supervision because he has been sentenced to confinement for life in TDCJ-CID. Under Texas law, all inmates who have been sentenced to life imprisonment are ineligible for release to mandatory supervision regardless of race or other impermissible factors. Those inmates who are not serving life sentences are not similarly situated to those inmates who are serving the same. Moreover, an inmate serving a life sentence is not a member of a protected class. Therefore, petitioner fails to state a viable equal protection claim.

The federal courts are authorized to dismiss a federal habeas petition without ordering a

response where it plainly appears that the petitioner is not entitled to relief.  *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  Based on the foregoing, the Court finds that the pending petition lacks an arguable basis in law and must be dismissed on that ground.  *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998); *Newby v. Johnson*, 81 F.3d 567, 568-69 (5th Cir. 1996).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of

appealability from this decision will not issue.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1.      Petitioner's petition for writ of habeas corpus is DENIED.

2.      Petitioner's habeas petition is DISMISSED, with prejudice.

3.      A certificate of appealability is DENIED.

4.      All pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on this 25th day of July, 2007.


                                        _____
                                        MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE